**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4201**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

         v.

RAMSEY DEAN LEWIS,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:11-cr-00227-MOC-DCK-1)

Submitted: August 22, 2013          Decided: August 26, 2013

Before MOTZ, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Henderson Hill, Executive Director, Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ramsey Dean Lewis pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). He was sentenced to a mandatory minimum sentence of fifteen years because he was found to have three prior qualifying convictions under the Armed Career Criminal Act ("ACCA"). See 18 U.S.C. § 924(e)(1) (West 2000 & Supp. 2013). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), conceding there are no meritorious grounds for appeal, but raising the following issues: (1) whether the district court erred under the Fifth and Sixth Amendment by sentencing Lewis under the ACCA; and (2) whether the district court erred by concluding that three of Lewis' prior convictions qualified as separate predicate offenses under the ACCA. Despite notice, Lewis has not filed a pro se supplemental brief. For the reasons that follow, we affirm.

Under the ACCA, a defendant is an armed career criminal if he has at least three prior convictions for violent felonies or serious drug offenses "committed on occasions different from one another." 18 U.S.C.A. § 924(e)(1); see U.S. Sentencing Guidelines Manual § 4B1.4(a) (2012). The Government bears the burden of proving an ACCA predicate conviction by a preponderance of the evidence. United States v. Harcum, 587

2

F.3d 219, 222 (4th Cir. 2009). The parties do not dispute the existence of the underlying convictions at issue, here three North Carolina convictions for common law robbery on different dates (two in 1996 and one in 2002). Lewis first argues that sentencing him pursuant to the ACCA violated his Fifth and Sixth Amendment rights when the facts necessary to support the application of the ACCA were neither alleged in the indictment nor admitted by him. We review this question of law de novo, United States v. Washington, 629 F.3d 403, 411 (4th Cir. 2011), and have previously rejected a similar challenge. United States v. Thompson, 421 F.3d 278, 283 (4th Cir. 2005). Therefore, this claim fails.

Next, Lewis argues that his three prior robbery convictions were not proper ACCA predicates. The offenses constitute predicate convictions under ACCA. See 18 U.S.C.A. § 924(e)(1)-(2); United States v. Presley, 52 F.3d 64, 69 (4th Cir. 1995) (finding Virginia common law robbery qualifies as violent felony under the ACCA). We also reject Lewis' claim that, because two of his convictions were almost fifteen years old, they were improperly considered in determining his ACCA status. In Presley, we held that there is no temporal restriction on prior felony offenses for purposes of the ACCA. Id. at 69-70. Therefore, the age of Lewis' common law robbery

3

convictions is of no legal significance.  Thus, this claim lacks merit.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. Lewis knowingly and voluntarily pled guilty in a hearing that complied with Fed. R. Crim. P. 11 and we find no reversible error in his sentencing.  We therefore affirm Lewis' conviction and sentence.  This court requires that counsel inform Lewis, in writing, of the right to petition the Supreme Court of the United States for further review.  If Lewis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Lewis.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4